PAUL L. REIN, Esq. (SBN 43053)
AARON M. CLEFTON, Esq. (SBN 318680)
REIN & CLEFTON, Attorneys at Law
200 Lakeside Drive, Suite A
Oakland, CA 94612
Telephone:    510/832-5001
Facsimile:    510/832-4787
info@reincleftonlaw.com

Attorneys for Plaintiff
JOHN DALTON and KATHERINE DALTON

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DALTON and KATHERINE DALTON,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>THE PINES RESORTS OF CALIFORNIA, LLC; BASSLAKE, LLC<br><br>　　　　Defendants. | CASE NO.<br><u>Civil Rights</u><br><br>**COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AND DAMAGES: DENIAL OF CIVIL RIGHTS AND ACCESS TO PUBLIC FACILITIES TO PHYSICALLY DISABLED PERSONS, PER FEDERAL AND CALIFORNIA STATUTES (including CIVIL CODE §§ 51, 51.7 52, 54, 54.1, 54.3 and 55; GOVERNMENT CODE §§ 4450 *et seq.*, and HEALTH & SAFETY CODE §§ 19953 *et seq.*); INJUNCTIVE RELIEF PER TITLE III, AMERICANS WITH DISABILITIES ACT OF 1990 (including 42 USC §§ 12181 *et seq.*)**<br><br><u>**DEMAND FOR JURY TRIAL**</u> |

Plaintiffs JOHN DALTON and KATHERINE DALTON complain of Defendants THE PINES RESORTS OF CALIFORNIA, LLC; BASSLAKE, LLC and each of them, and allege as follows:

1.    **INTRODUCTION:** Defendants own and operate a large resort hotel and 84 two-story duplex cabins large enough for families on Bass Lake. The Pines Resort is a famous destination known for its appearance in the film "The Great Outdoors," starring John Candy and Dan Aykroyd in 1988. Unfortunately for disabled Plaintiff John Dalton and his family, not a single chalet is accessible to disabled persons despite many of them being renovated over the

1

1    years, and despite all of them being built after California's access laws went into effect in 1970.

2    Plaintiff John Dalton, who uses a wheelchair, his wife Plaintiff Katherine Dalton, and his children

3    could not access any of the family friendly hotel suites at The Pines Resort located at 54432 Road

4    432, Bass Lake, California.  They were denied the family vacation they had planned for the

5    summer of 2021 because Defendants do not provide any accessible suites or chalets for persons

6    with disabilities who have families.

7           2.      Due to the Covid-19 Pandemic, Plaintiffs and their children had forgone a family

8    vacation in 2020, but by the time the summer of 2021 came around, the family was ready for a

9    little adventure.  Plaintiff Katherine Dalton began to research safe and family friendly vacation

10   destinations within driving distance of their home in the Bay Area.  She came across The Pines

11   Resort website, and it looked perfect for a family getaway.  However, when she tried to book and

12   accessible room that could accommodate disabled Plaintiff and their two children, she was unable

13   to find any suitable rooms.  Plaintiff Katherine Dalton contacted Defendants regarding whether

14   they could assist her in finding accessible accommodations for her family, but they failed to offer

15   anything that could accommodate the family.

16          3.      Plaintiffs' discriminatory experience was caused by Defendants' inaccessible

17   conditions and unlawful policies and practices, including failing to offer accessible hotel

18   accommodations which are "dispersed among the various classes of guest rooms" as required by

19   the Department of Justice Regulations.  Plaintiffs seek to obtain legally required access

20   improvements at The Pines Resort, and compensation for the humiliation, disappointment, and

21   discrimination they each suffered as a result of their denial of access.

22          4.      Plaintiffs were denied their rights to full and equal access at these facilities and

23   were denied their civil rights under both California law and federal law. They continue to have

24   their rights denied because these facilities were not, and are not now, properly accessible to

25   physically disabled persons, including those who use wheelchairs and to those who accompany

26   wheelchair users to the premises.  Plaintiffs seek injunctive relief to require Defendants to adopt

27   policies which provide persons with mobility impairments with the accessibility features required

28   under federal and state laws that mandate public accommodations be made accessible to and

useable by disabled persons and their companions.  Plaintiffs also seek recovery of damages for their discriminatory experiences and denial of access and of civil rights, which denial is continuing as a result of Defendants' failure to provide disabled accessible facilities.  Plaintiffs also seek recovery of reasonable statutory attorney fees, litigation expenses and costs, under federal and state law.

5.    **JURISDICTION:**  This Court has jurisdiction of this action pursuant to 28 USC section 1331 for violations of the Americans with Disabilities Act of 1990, 42 USC 12101 *et seq*. Pursuant to pendant jurisdiction, attendant and related causes of action arising from the same facts are also brought under California law, including but not limited to violations of California Government Code sections 4450 *et seq*.; California Health & Safety Code section 19953-19959; California Civil Code sections 51, 52, 54, 54.1, 54.3 and 55; and Title 24, California Code of Regulations, the State Building Code.

6.    **VENUE:**  Venue is proper in this court pursuant to 28 USC § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiffs' causes of action arose in this district.

7.    **INTRADISTRICT:**  This case should be assigned to the Sacramento intradistrict as the real property which is the subject of this action is located in this intradistrict and Plaintiffs' causes of action arose in this intradistrict.

8.    **PARTIES:** Plaintiff John Dalton is a "qualified" physically disabled person who uses a manual wheelchair due to amputations of his left leg, right leg, and the fingers on both hands, due to disease.  He owns a disabled licensed, accessible van which entitles him to park in a properly configured disabled accessible parking space.  He has been issued a California state placard for disabled parking.

9.    Plaintiff Katherine Dalton is Plaintiff John Dalton's wife and companion.  The couple enjoys traveling together.  Plaintiff Katherine Dalton is and was directly affected by the Defendants' wrongful acts, omissions, and policies which directly denied her access to a Chalet at The Pines Resort as a result of her association with disabled Plaintiff John Dalton.  Plaintiff Katherine Dalton has standing for injunctive relief and damages under state law and under the

Americans with Disabilities Act of 1990. Per 42 U.S.C. section 12182(b)(1)(E), "It shall be discriminatory to exclude or otherwise deny equal goods, services, facilities, privileges, advantages, accommodations, or other opportunities to an individual or entity because of the known disability of an individual with whom the individual or entity is known to have a relationship or association." *Nevarez v. Forty Niners Football Co., LLC*, No. 16-CV-07013-LHK, 2017 WL 3288634, at *5 (N.D. Cal. Aug. 1, 2017). Plaintiff Katherine Dalton suffered an injury that is "specific, direct and separate from" that of her husband. *Id.* at *5. At all relevant times herein mentioned, Plaintiff Katherine Dalton was with Plaintiff John Dalton and suffered damages due to her associative standing as his companion during incidents described herein. Both have been and will be deterred by these discriminatory acts and policies of Defendants described herein until these policies are changed and Defendants are required by injunction and court order to provide full and equal access to persons with disabilities and those associated with them.

10.     In July of 2021, and on information and belief continuing on a daily basis to date, Plaintiff John Dalton was denied his right to full and equal access at The Pines Resort, and was denied his civil rights under both California law and federal law, as herein below described, and Plaintiff Katherine Dalton was denied her rights on an associational basis, because these facilities were not, and are not now, properly accessible to physically disabled persons with mobility disabilities, due to physically inaccessible facilities and/or policies by Defendants which have failed to reasonably accommodate the needs of physically disabled persons, and Plaintiffs are deterred from returning to stay at The Pines Resort.

11.     Defendants The Pines Resort of California, LLC and Basslake, LLC, were and are the owners, operators, lessors, and lessees of the businesses, properties, facilities and/or portions thereof known as The Pines Resort located at 54432 Road 432, Bass Lake, California, at all times relevant to this complaint. All such facilities constitute public accommodations subject to the requirements of California Health & Safety Code sections 19953 *et seq.*, and of California Civil Code sections 51 *et seq.* and sections 54 *et seq.* On information and belief, these facilities have, since July 1, 1970, undergone construction and/or "alterations, structural repairs, or additions"

4

1    subjecting such facility to disabled access requirements per California Health & Safety Code

2    sections 19953-19959 *et seq*. Construction and alterations which occurred from January 1, 1968 –

3    July 1, 1982, were subject to the ASA or "ANSI" Regulations.  On information and belief,

4    alterations since July 1, 1982, also subjected the facilities to requirements of California's Title 24,

5    the State Building Code, and, since January 26, 1993, section 12183(2) of the Americans With

6    Disabilities Act of 1990 (ADA).  Further, Defendants are and were subject to the non-

7    discrimination provisions of California's Title 24, and of the ADA, and of the ADAAG and

8    Department of Justice regulations adopted to enforce the ADA.  42 U.S.C. sections 12133 *et seq*.

9         12.    Plaintiffs' civil rights were violated under federal and California law and will

10   continue to be violated until Defendants carry out their respective duties under the Americans

11   with Disabilities Act of 1990 and of California law, including California Civil Code sections 51,

12   51.7, 52, 54, 54.1, 54.3 and 55.  Defendants must be ordered by the Court to provide adequate

13   disabled access to allow disabled persons and their companions full and equal access to The Pines

14   Resorts and its facilities.

15        13.    **FACTUAL STATEMENT**:  In May of 2021, Plaintiff Katherine Dalton began

16   planning a trip for her husband, Plaintiff John Dalton, and her two children to meet up with her

17   sister's family at a resort in California.  They were looking for a resort that had access to a

18   forested area for hiking, but one which was also lakefront so that they could participate in

19   activities like boating and swimming.  In addition to a natural location, Plaintiff Katherine Dalton

20   and her sister also wanted to find a resort where each family could reserve a cabin with several

21   bedrooms so that everyone would have plenty of space to enjoy their vacation.

22        14.    While they were researching possible destinations, Plaintiffs saw a Facebook post

23   about The Pines Resort and thought it looked like an interesting vacation spot.  Plaintiff Katherine

24   Dalton looked at the website, and she saw that it was the resort where the movie "The Great

25   Outdoors" had been filmed.  She told Plaintiff John Dalton about her discovery, and they were

26   both excited at the prospect of staying at The Pines Resort.  Plaintiffs and their children love "The

27   Great Outdoors" and have watched the movie at least 20 times.

28        15.    Both Plaintiff Katherine Dalton and her sister looked at The Pines Resort website

further, and they saw that the resort offered a housing option called a "Chalet" which were cabins that consisted of a bedroom with one king or two queen beds, a separate upstairs living room with a pull-out sofa, and the possibility of a fully equipped kitchen.  Both agreed that reserving a "Chalet" for each family, especially if they could reserve two next to each other, would be perfect.  Unfortunately, Plaintiff Katherine Dalton did not see anything about the accessibility of the "Chalets" on The Pines Resort website, so her sister offered to call the resort to get further information.

16.     Plaintiff Katherine Dalton's sister called Defendants to check on the availability of an accessible chalet, but Defendants informed her that they did not have any accessible rooms of that type.  Plaintiffs were both very disappointed at this news as they had been very excited about the prospect of vacationing at The Pines Resort.  Plaintiff Katherine Dalton returned to Defendants' website to see if she could find anything that might work for their family.  She noticed that there was a tab on the website entitled "Hotel Accessibility."  Plaintiff Katherine Dalton opened the tab, and she noticed that Defendants' website touted that the hotel was accessible and that the resort was committed to meeting the standards of Americans with Disabilities Act.  She also noticed that there was a way to email to the hotel about accessibility inquiries, so on July 23, 2021, Plaintiff Katherine Dalton wrote an email with the following inquiry to The Pines Resort:

> I would like to book a chalet for my family of four (2 kids and 2 adults) for August 5th-10th, 2021.  My husband uses a wheelchair, so we will need a chalet that's accessible.  I didn't see how to book this option on the website.

17.     Plaintiff Katherine Dalton waited a week but heard nothing from Defendants, so she wrote follow up email on July 30, 2021:

> I emailed a week ago asking about how to book a wheelchair accessible chalet for my family, but I haven't heard anything back from you. Please let me know how to book a wheelchair accessible chalet for Aug 5-10th.

18.     Defendants again did not respond, so Plaintiffs determined that there were no accessible Chalets at The Pines Resort.  Plaintiffs saw that there was an "Accessible Lakefront Spa Suite" available to reserve on Defendants' website, but the description said that it was more suitable for a couple rather than a family of four. Plaintiffs were both very disappointed that they

6

1   would be unable to say at The Pines Resort for their family vacation due to the lack of accessible

2   Chalets.  They were unable to find another resort to stay in with Katherine Dalton's sister and her

3   family.  Instead, their vacation consisted of camping at a campground near their home for a few

4   days, just the four of them, rather than with their extended family.

5        19.    As parents, it is very important to Plaintiffs that their children have the same

6   experiences and opportunities as other children who do not have a disabled parent.  They do not

7   want their children to miss out on anything because Plaintiff John Dalton uses a wheelchair for

8   mobility.  However, for that to happen, Plaintiffs need facilities which cater to families and

9   prioritize providing accessible features that allow them access to such places in a similar manner

10   to able-bodied parents.  Without accessible rooms that are large enough to comfortably

11   accommodate a family of four, Plaintiffs cannot take their children to vacation destinations such

12   as The Pines Resort.  Plaintiffs and their children want to experience all the fun and excitement

13   that The Pines Resort has to offer, but they cannot return to enjoy those facilities until Defendants

14   provide accessible guest rooms of all sizes and types pursuant to the ADA and Department of

15   Justice guidelines.

16        20.    Accessible rooms "shall be dispersed among the various classes of guest rooms,

17   and shall provide choices of types of guest rooms, number of beds, and other amenities

18   comparable to the choices provided to other guests" and that "[f]actors to be considered in

19   providing an equivalent range of options may include, but are not limited to, room size, bed size,

20   cost, view, bathroom fixtures such as hot tubs and spas, smoking and nonsmoking, and the

21   number of rooms provided." ADAS § 224.5 and DOJ Advisory to § 224.5.

22        21.    These barriers to access are listed without prejudice to Plaintiffs citing additional

23   barriers to access by an amended complaint after inspection by Plaintiffs' access consultant.

24   *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903 (9th Cir. 2011); *Doran v. 7-Eleven, Inc.* 524 F.3d

25   1034 (9th Cir. 2008); *Chapman v. Pier One Imports (USA), Inc.*, 631 F.3d 939 (9th Cir. 2011).  All

26   of these barriers to access render the premises inaccessible to physically disabled persons who are

27   mobility impaired, such as Plaintiff John Dalton, and their companions, and are barriers Plaintiffs

28   may encounter when they return to the premises, which they expect and intend to do once proper

1  disabled access is provided.  All facilities must be brought into compliance with all applicable

2  federal and state code requirements, according to proof.

3

**FIRST CAUSE OF ACTION:**
**VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT OF 1990**
4
**(42 USC §§ 12101 *et seq.*)**
***(Against All Defendants)***
5

6      22.    Plaintiffs re-plead and incorporate by reference, as if fully set forth again herein,

7  the allegations contained in Paragraphs 1 through 21 of this Complaint and incorporates them

8  herein as if separately re-pleaded.

9      23.    In 1990 the United States Congress made findings that laws were needed to more

10  fully protect "some 43,000,000 Americans [with] one or more physical or mental disabilities;"

11  that "historically, society has tended to isolate and segregate individuals with disabilities;" that

12  "such forms of discrimination against individuals with disabilities continue to be a serious and

13  pervasive social problem;" that "the Nation's proper goals regarding individuals with disabilities

14  are to assure equality of opportunity, full participation, independent living, and economic self-

15  sufficiency for such individuals;" and that "the continuing existence of unfair and unnecessary

16  discrimination and prejudice denies people with disabilities the opportunity to compete on an

17  equal basis and to pursue those opportunities for which our free society is justifiably famous..."

18  42 U.S.C. §12101.

19      24.    Plaintiff John Dalton is a qualified individual with a disability as defined in the

20  Rehabilitation Act and in the Americans with Disabilities Act of 1990.  Plaintiff Katherine Dalton

21  is his wife, and she has standing for injunctive relief and damages under state law and under the

22  Americans with Disabilities Act of 1990 through her association with him and due to damages,

23  she personally incurred as a result of the July 2021 denial of access.  Per 28 CFR § 35.130(g), "A

24  public entity shall not exclude or otherwise deny equal services, programs, or activities to an

25  individual or entity because of the known disability of an individual with whom the individual or

26  entity is known to have a relationship or association."

27      25.    In passing the Americans with Disabilities Act of 1990 (hereinafter "ADA"),

28  Congress stated as its purpose:

It is the purpose of this Act

(1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities;

(3) to ensure that the Federal Government plays a central role in enforcing the standards established in this Act on behalf of individuals with disabilities; and

(4) to invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 USC § 12101(b).

26.     As part of the ADA, Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (42 USC § 12181 *et seq.*).  The subject property and facility is one of the "private entities" which are considered "public accommodations" for purposes of this title, which includes any "an inn, hotel, motel, or other place of lodging." 42 USC § 12181(7)(A).

27.     The ADA states that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation." 42 U.S.C. § 12182.  The specific prohibitions against discrimination include, but are not limited to the following:

§ 12182(b)(1)(A)(ii): "Participation in Unequal Benefit. - It shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals."

§ 12182(b)(2)(A)(ii): discrimination includes "a failure to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities...;"

§ 12182(b)(2)(A)(iii): "a failure to take such steps as may be necessary to ensure that no

individual with a disability is excluded, denied service, segregated, or otherwise treated

differently than other individuals because of the absence of auxiliary aids and services...;"

§ 12182(b)(2)(A)(iv): "a failure to remove architectural barriers, and communication barriers that

are structural in nature, in existing facilities... where such removal is readily achievable;"

§ 12182(b)(2)(A)(v): "where an entity can demonstrate that the removal of a barrier under clause

(iv) is not readily achievable, a failure to make such goods, services, facilities, privileges,

advantages, or accommodations available through alternative methods if such methods are readily

achievable."

The acts and omissions of Defendants, set forth herein were in violation of Plaintiffs' rights under

the ADA and the regulations promulgated thereunder, 28 C.F.R. Part 36 *et seq*.

28.    The removal of each of the physical barriers complained of by Plaintiffs as

hereinabove alleged, were at all times herein mentioned "readily achievable" under the standards

of sections 12181 and 12182 of the ADA.  As noted hereinabove, removal of each and every one

of the architectural and/or policy barriers complained of herein were already required under

California law.  Further, on information and belief, alterations, structural repairs, or additions

since January 26, 1993, have also independently triggered requirements for removal of barriers to

access for disabled persons per section 12183 of the ADA.  In the event that removal of any

barrier is found to be "not readily achievable," Defendants, still violated the ADA, per

section 12182(b)(2)(A)(v) by failing to provide all goods, services, privileges, advantages, and

accommodations through alternative methods that were "readily achievable."

29.    The ability to stay in accessible hotel room is a fundamental necessity of accessing

and using a resort or hotel. Therefore, the benefits of creating a fully compliant and accessible

guest room suitable for a family does not exceed the costs of readily achievable barrier removal.

These costs are fundamental to doing business, like any other essential function of operating a

resort, such as the costs of as ensuring fire safety.  It is thus readily achievable to remove these

barriers.

30.    On information and belief, as of the date of Plaintiffs' encounters at the premises

and as of the filing of this Complaint, Defendants' actions, policies, and physical premises have

denied and continue to deny full and equal access to Plaintiffs and to other mobility disabled

persons and those associated with them in other respects, which violate Plaintiffs' right to full and

equal access and which discriminate against Plaintiffs on the basis of Plaintiff John Dalton's

disabilities and, thus wrongfully denying to Plaintiffs the full and equal enjoyment of the goods,

services, facilities, privileges, advantages and accommodations, in violation of 42 U.S.C. sections

12182 and 12183 of the ADA.

31.    Defendants' actions continue to deny Plaintiffs' rights to full and equal access by

deterring Plaintiffs from patronizing this resort and have discriminated and continue to

discriminate against them on the basis of Plaintiff John Dalton's disabilities and Plaintiff

Catherine Dalton's association with her, thus wrongfully denying to Plaintiffs the full and equal

enjoyment of Defendants goods, services, facilities, privileges, advantages, and accommodations,

in violation of the ADA.  42 U.S.C. § 12182.

32.    Pursuant to the Americans with Disabilities Act, 42 U.S.C. sections 12188 *et seq.,*

Plaintiffs are entitled to the remedies and procedures set forth in section 204(a) of the Civil Rights

Act of 1964, 42 USC 2000(a)-3(a), as Plaintiffs are being subjected to discrimination on the basis

of Plaintiff John Dalton's disabilities and Plaintiff Katherine Dalton's association with him, in

violation of this title or has reasonable grounds for believing that they are about to be subjected to

discrimination in violation of sections 12182 and 12183.  On information and belief, Defendants

have continued to violate the law and deny the rights of Plaintiffs and other disabled persons and

those associated with them to "full and equal" access to this public accommodation since on or

before Plaintiffs' encounters.  Pursuant to section 12188(a)(2)

> [i]n cases of violations of § 12182(b)(2)(A)(iv) and § 12183(a)... injunctive relief
> shall include an order to alter facilities to make such facilities readily accessible to
> and usable by individuals with disabilities to the extent required by this title.  Where
> appropriate, injunctive relief shall also include requiring the provision of an
> auxiliary aid or service, modification of a policy, or provision of alternative
> methods, to the extent required by this title. [Emphasis added.]

33.    Plaintiffs seek relief pursuant to remedies set forth in section 204(a) of the Civil

Rights Act of 1964 (42 USC 2000(a)-3(a)), and pursuant to Federal Regulations adopted to

implement the Americans with Disabilities Act of 1990.  Plaintiff John Dalton is a qualified

11

disabled person for purposes of section 12188(a) of the ADA who is being subjected to discrimination on the basis of disability in violation of Title III and who has reasonable grounds for believing he will be subjected to such discrimination each time that he may use the property and premises, or attempt to patronize The Pines Resort, in light of Defendants' policies and physical premises barriers.

WHEREFORE, Plaintiffs pray for damages and injunctive relief as hereinafter stated.

**SECOND CAUSE OF ACTION:**
**VIOLATION OF CALIFORNIA LAW INCLUDING: THE UNRUH ACT, CIVIL CODE §§ 51 and 52, AND THE AMERICANS WITH DISABILITIES ACT AS INCORPORATED BY CIVIL CODE § 51(f)**
*(Against All Defendants)*

34.     Plaintiffs re-plead and incorporate by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 33 of this Complaint and incorporates them herein as if separately re-pleaded.

35.     At all times relevant to this complaint, California Civil Code section 51 has provided that physically disabled persons are free and equal citizens of the state, regardless of medical condition or disability, and the subject resort owned and operated by Defendants is an entity covered by section 51.

> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, or medical condition are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

Cal. Civ. C. § 51(b).

36.     Civil Code section 52 provides that the discrimination by Defendants against Plaintiffs on the basis of Plaintiff John Dalton's disability constitute a violation of the general anti-discrimination provision of sections 51 and 52.  For purposes of this statute, each Defendant owned and/or operated the property where the subject resort was and is operated as a business establishment, including in July 2021, and thereafter.

37.      Each Defendant's discrimination constitutes a separate and distinct violation of Civil Code § 52, which provides that:

> Whoever denies, aids or incites a denial, or makes any discrimination or distinction

12

contrary to section 51, 51.5, or 51.6 is liable for each and every offense for the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and any attorney's fees that may be determined by the court in addition thereto, suffered by any person denied the rights provided in Section 51, 51.5, or 51.6.

38.     The actions and omissions of Defendants as herein alleged constitute a denial of access to and use of the described public facilities by physically disabled persons and those associated with them within the meaning of California Civil Code sections 51 and 52.  As a proximate result of Defendants' actions and omissions, Defendants have discriminated against Plaintiffs in violation of Civil Code sections 51 and 52 and are responsible for statutory, compensatory and treble damages to Plaintiffs, according to proof.

39.     Any violation of the Americans With Disabilities Act of 1990 (as pled in the First and Second Causes of Action) constitutes a violation of California Civil Code section 51(f), thus independently justifying an award of damages and injunctive relief pursuant to California law, including Civil Code section 52.  Per § 51(f), "A violation of the right of any individual under the Americans With Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section."

40.     Plaintiffs have no adequate remedy at law and, unless the relief requested herein is granted, Plaintiffs and other disabled persons will continue to suffer irreparable harm as a result of Defendants' failure to fulfill their obligations to provide meaningful access to the subject public facilities.

41.     Wherefore Plaintiffs ask this Court to preliminarily and permanently enjoin any continuing refusal by Defendants to grant full and equal access to Plaintiffs in the respects complained of and to require Defendants to comply forthwith with the applicable statutory requirements relating to access for disabled persons.  Such injunctive relief is provided for a violation of California Civil Code sections 51, *et seq.,* and section 52.  Plaintiffs allege that Defendants failed and continue to fail to provide legally required access at the subject resort (and its related facilities), and further request that the Court award damages pursuant to Civil Code section 52 and attorney fees, litigation expenses and costs pursuant to Civil Code section 52(a),

13

1   Code of Civil Procedure section 1021.5, and other law, all as hereinafter prayed for.

2        42.    **DAMAGES:**  As a result of the denial of equal access to these facilities and due to

3   the acts and omissions of Defendants in owning, operating, leasing, constructing, altering, and

4   maintaining the subject facilities, Plaintiffs suffered multiple violations of their civil rights,

5   including but not limited to rights under Civil Code sections 51 and 52, all to their damages per

6   Civil Code section 52.  Defendants' actions and omissions to act constitute discrimination against

7   Plaintiffs on the basis that Plaintiff John Dalton was and is physically disabled and unable,

8   because of the architectural and policy barriers created and/or maintained by Defendants in

9   violation of the subject laws, to use these public facilities on a full and equal basis as other

10  persons, and Plaintiff Katherine Dalton's association with him prevents her from accessing and

11  enjoying the facility on a full and equal basis.

12       43.    **FEES AND COSTS:**  As a result of Defendants' acts, omissions and conduct,

13  Plaintiffs have been required to incur attorney fees, litigation expenses and costs as provided by

14  statute in order to enforce Plaintiffs' rights and to enforce provisions of the law protecting access

15  for disabled persons and prohibiting discrimination against disabled persons.  Plaintiffs therefore

16  seek recovery of all reasonable attorney fees, litigation expenses and costs pursuant to the

17  provisions of California Civil Code sections 52, *et seq.*  Additionally, Plaintiffs' lawsuit is

18  intended to require that Defendants make their facilities and policies accessible to all disabled

19  members of the public, including associates who must assist the disabled in order for them to use

20  the facility on a full and equal basis, justifying "public interest" attorney fees, litigation expenses

21  and costs pursuant to the provisions of California Code of Civil Procedure section 1021.5 and

22  other applicable law.

23       WHEREFORE, Plaintiffs pray for damages and injunctive relief as hereinafter stated.

24  <center>**THIRD CAUSE OF ACTION:**
**DAMAGES AND INJUNCTIVE RELIEF**</center>

25  <center>**FOR DENIAL OF FULL AND EQUAL ACCESS TO PUBLIC FACILITIES  IN A**
**PUBLIC ACCOMMODATION**</center>

26  <center>**(California Health & Safety Code §§ 19955 *et seq.*, Civil Code §§ 54 *et seq.*)**
**(*Against All Defendants*)**</center>

27

28       44.    Plaintiffs replead and incorporate by reference, as if fully set forth again herein,

<center>14</center>

the factual allegations contained in Paragraphs 1 through 43, above, and incorporates them herein by reference as if separately repled hereafter.

45.     Plaintiffs and other similarly situated physically disabled persons, including those who require the use of a wheelchair or other assistive device, and those associated with them are unable to use public facilities on a "full and equal" basis unless each such facility is in compliance with the provisions of California Health & Safety Code sections 19955 -19959. Plaintiffs are each a member of that portion of the public whose rights are protected by the provisions of Health & Safety Code §§ 19955-19959, which require the facilities to be made accessible upon construction or alteration.  Further, Plaintiffs are also protected against policy and architectural barrier discrimination by California Civil Code sections 54 and 54.1, the "Disabled Persons Act."  "Individuals with disabilities or medical conditions have the same right as the general public to the full and free use of the streets, highways, sidewalks, walkways, public buildings, medical facilities, including hospitals, clinics, and physicians' offices, public facilities, and other public places."  Civil Code § 54(a).  Furthermore, "Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, . . . places of public accommodation, amusement, or resort, and other places to which the general public is invited."  Civil Code § 54.1(a).  Additionally, any violation of the ADA, including but not limited to any violation of 42 USC sections 12182 and 12183, is also incorporated as a violation of the Disabled Persons Act.  Civil Code §§ 54(c), and 54.1(d).

46.     On information and belief, the provisions of both Health and Safety Code sections 19955 and 19955.5, apply to the subject resort.  Health & Safety Code sections 19955 and 19955.5 were enacted "[t]o ensure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with Section 4450) of Division 5 of Title 1 of the Government Code," and California Government Code section 4450*ff* applied to all government facilities constructed or altered since 1968.

47.     Title 24, California Code of Regulations, formerly known as the California Administrative Code, was in effect at the time of each alteration which, on information and belief, occurred at such public facility since January 1, 1982, thus requiring access complying with the

15

1  specifications of Title 24 whenever each such "alteration, structural repair or addition" was

2  carried out.  On information and belief, Defendants and/or its predecessors in interest carried out

3  new construction and/or alterations, structural repairs, and/or additions to such buildings and

4  facilities during the period Title 24 has been in effect.  Further, Plaintiffs allege, on information

5  and belief, that construction, alterations, structural repairs, and/or additions which triggered

6  access requirements at all relevant portions of the Resort, also occurred between July 1, 1970, and

7  December 31, 1981, and required access pursuant to the A.S.A. (American Standards

8  Association) Regulations then in effect, pursuant to the incorporated provisions of California

9  Government Code sections 4450 *et seq*.  Further, on information and belief, additions, and

10  alterations to the building after the initial construction also occurred after July 1, 1970, triggering

11  access requirements per Health and Safety Code section 19959, and as to alterations or additions

12  after January 26, 1993, triggering ADA liability and requirements per 42 USC sections 12182 and

13  12183 of the ADA.  Defendants are liable as a successor in interest for operating a resort in

14  facilities that were operating in violation of Federal and California based, *inter alia*, on the

15  alterations made to the facilities in the last 29 years.

16      48.    Each and every violation of the Americans With Disabilities Act of 1990 also

17  constitutes a separate and distinct violation of California Civil Code section 54(c), thus

18  independently justifying an award of damages and injunctive relief pursuant to California law,

19  including but not limited to Civil Code sections 54.3 and 55.

20      49.    Further, each and every violation of the Americans With Disabilities Act of 1990

21  also constitutes a separate and distinct violation of California Civil Code section 54.1(d), thus

22  independently justifying an award of damages and injunctive relief pursuant to California law,

23  including but not limited to Civil Code sections 54.3 and 55.

24      50.    **INJUNCTIVE RELIEF:**  Plaintiffs seek injunctive relief to prohibit the acts and

25  omissions of Defendants complained of herein which are continuing on a day-to-day basis and

26  which have the effect of wrongfully excluding Plaintiffs and other members of the public who are

27  physically disabled, including but not limited to wheelchair users, and those associated with them

28  from full and equal access to these public facilities.  Such acts and omissions are the cause of

1    humiliation and mental and emotional suffering of Plaintiffs in that these actions continue to treat

2    disabled Plaintiff John Dalton as inferior and a second-class citizen and serve to discriminate

3    against him and those associated with him on the sole basis that he is a person with disabilities

4    who requires the use of a wheelchair for movement in public places.  Plaintiff Katherine Dalton's

5    association with him prevents her from accessing and enjoying the facility on a full and equal

6    basis, and she personally suffered physical, mental, and emotional injuries because of her

7    experience as a companion to a disabled person at the Pines Resorts in July 2021.

8        51.    Plaintiffs would like to patronize The Pines Resort but are deterred from

9    patronizing to use these facilities, because the lack of access will foreseeably cause them further

10   difficulty, discomfort and embarrassment, and Plaintiffs are unable, so long as such acts and

11   omissions of Defendants continue, to achieve equal access to and use of these public facilities.

12   Traveling and adventure are important parts of Plaintiffs' lives, and they enjoy going staying at

13   Resorts such as the one owned and operated by Defendants with their children.  Plaintiffs plan to

14   return to stay at The Pines Resort once accessible Chalets, suitable for families who need multiple

15   rooms, are provided by Defendants.  However, Plaintiffs cannot return to use The Pines Resort

16   and its facilities and are deterred from patronage until these facilities are made properly

17   accessible for disabled persons, including Plaintiffs, other mobility disabled persons, and those

18   associated with them.

19       52.    The acts of Defendants have proximately caused and will continue to cause

20   irreparable injury to Plaintiffs if not enjoined by this Court.  Plaintiffs seek injunctive relief as to

21   all inaccessible areas of the premises they personally encountered, and, as to all areas identified

22   during this litigation by Plaintiffs' access consultant, that they or other physically disabled

23   persons may encounter in the future. *Doran v. 7-Eleven, Inc.,* 524 F.3d 1034 (9th Cir. 2008);

24   *Chapman v. Pier One Imports (USA), Inc.*, 631 F. 3d 939 (9th Cir. 2011); *Oliver v. Ralphs*

25   *Grocery* Co., 654 F.3d 903 (9th Cir. 2011).  As to those of the Defendants that currently own,

26   operate, and/or lease (from or to) the subject premises, Plaintiffs seek preliminary and permanent

27   injunctive relief to enjoin and eliminate the discriminatory practices and barriers that deny full

28   and equal access for disabled persons and those associated with them, and for reasonable statutory

1   attorney fees, litigation expenses and costs.

2       53.     Wherefore Plaintiffs asks this Court to preliminarily and permanently enjoin any

3   continuing refusal by Defendants to grant full and equal access to Plaintiffs in the ways

4   complained of and to require Defendants to comply forthwith with the applicable statutory

5   requirements relating to access for disabled persons.  Such injunctive relief is provided by

6   California Health & Safety Code section 19953 and California Civil Code section 55 and other

7   law.  Plaintiffs further request that the Court award damages pursuant to Civil Code section 54.3

8   and other law and attorney fees, litigation expenses, and costs pursuant to Health & Safety Code

9   section 19953, Civil Code sections 54.3 and 55, Code of Civil Procedure section 1021.5 and other

10   law, all as hereinafter prayed for.

11       54.     **DAMAGES:**  As a result of the denial of full and equal access to the described

12   facilities and due to the acts and omissions of Defendants in owning, operating, leasing,

13   constructing, altering, and maintaining the subject facilities, Plaintiffs have each suffered a

14   violation of their civil rights, including but not limited to rights under Civil Code sections 54 and

15   54.1, and have each suffered difficulty, discomfort and embarrassment, and physical, mental and

16   emotional personal injuries, including difficulty, embarrassment, and frustration, all to their

17   damages per Civil Code section 54.3, including general and statutory damages, and treble

18   damages, as hereinafter stated.  Defendants' actions and omissions to act constitute discrimination

19   against Plaintiffs on the basis that Plaintiff John Dalton was and is physically disabled and based

20   on Plaintiff Katherine's association with him and the fact that they are each unable, because of the

21   architectural and policy barriers created and/or maintained by the Defendants in violation of the

22   subject laws, to use the public facilities on a full and equal basis as other persons.  The violations

23   have deterred Plaintiffs from returning to attempt to patronize The Pines Resort and will continue

24   to cause them damages each day this barrier discrimination continues.

25       55.     **TREBLE DAMAGES:**  Plaintiffs have been damaged by Defendants' wrongful

26   conduct and seeks the relief that is afforded by Civil Code sections 54, 54.1, and 54.3.  At all

27   times herein mentioned, Defendants were fully aware that significant numbers of potential users

28   of its public facilities were and are and will be physically disabled persons, including wheelchair

1    users and other mobility-impaired persons, and would have need of facilities that complied with

2    California Title 24 and ADAAG standards for accessible facilities.  Despite this knowledge,

3    Defendants installed and maintained the physical barriers complained of, and failed to remove

4    these barriers, and have failed to provide properly accessible facilities, including but not limited

5    to those previously noted hereinabove, as required by state and federal law.  On information and

6    belief, Defendants have ignored complaints about the lack of proper disabled access by Plaintiffs

7    and by other disabled persons.  Defendants have continued their illegal and discriminatory

8    practices and policies despite actual knowledge that persons with physical mobility disabilities

9    may attempt to patronize the resort and will encounter illegal barriers which deny them full and

10    equal access when they do so.

11          56.    At all times herein mentioned, Defendants knew, or in the exercise of reasonable

12    diligence should have known, that their barriers and practices at the subject facilities violated

13    disabled access requirements and standards, and would have a discriminatory effect upon

14    Plaintiffs and upon other physically disabled persons and those associated with them, but

15    Defendants have failed to rectify the violations, and on information and belief,  presently

16    continues a course of conduct of maintaining architectural barriers and policies that discriminate

17    against Plaintiffs and similarly situated disabled persons and those associated with them, despite

18    complaints from Plaintiffs and other disabled persons that put Defendants on actual notice of the

19    discriminatory effect their policies and inaccessible facilities were having on Plaintiffs and other

20    disabled persons, and were deterring them from trying to stay at the subject premises.  For the

21    foregoing reasons, Plaintiffs allege that an award of statutory treble damages is appropriate.

22          57.    **FEES AND COSTS:**  As a result of Defendants' acts, omissions, and conduct,

23    Plaintiffs have been required to incur attorney fees, litigation expenses, and costs as provided by

24    statute, in order to enforce Plaintiffs' rights and to enforce provisions of the law protecting access

25    for disabled persons and prohibiting discrimination against disabled persons and those associated

26    with them at the subject resort.  Plaintiffs therefore seek recovery of all reasonable attorney fees,

27    litigation expenses, and costs, pursuant to the provisions of Civil Code sections 54.3 and 55, and

28    California Health & Safety Code section 19953.  Additionally, Plaintiffs' lawsuit is intended to

1   require that Defendants make the facilities they use for public performances accessible to all

2   disabled members of the public, justifying "public interest" attorney fees, litigation expenses and

3   costs pursuant to the provisions of California Code of Civil Procedure section 1021.5 and other

4   applicable law.

5           WHEREFORE, Plaintiffs pray for damages and injunctive relief as hereinafter stated.

6

7                                    **PRAYER FOR RELIEF**

8           Plaintiffs have no adequate remedy at law to redress the wrongs suffered as set forth in

9   this Complaint.  Plaintiffs have suffered and will continue to suffer irreparable injury as a result

10  of the unlawful acts, omissions, policies, and practices of the Defendants as alleged herein, unless

11  Plaintiffs are granted the relief they request.  Plaintiffs and Defendants have an actual controversy

12  and opposing legal positions as to Defendants' violations of the laws of the United States and the

13  State of California. The need for relief is critical because the rights at issue are paramount under

14  the laws of the United States and the State of California.

15          WHEREFORE, Plaintiffs John Dalton and Katherine Dalton pray for judgment and the

16  following specific relief against Defendants:

17          1.      Issue a preliminary and permanent injunction directing Defendants as a current

18  owner, operator, lessor, and/or lessee of the subject property and premises to modify the above

19  described property, premises, policies and related facilities to provide full and equal access to all

20  persons, including persons with physical disabilities; and issue a preliminary and permanent

21  injunction pursuant to ADA section 12188(a) and the regulations incorporated therein, and

22  pursuant to state law directing Defendants to provide facilities usable by Plaintiffs and similarly

23  situated persons with disabilities and those associated with them, and which provide full and

24  equal access, as required by law, and to maintain such accessible facilities once they are provided;

25  to cease any discriminatory policies; and to train Defendants' employees and agents in how to

26  recognize disabled persons and accommodate their rights and needs;

27          2.      Retain jurisdiction over the Defendants until such time as the Court is satisfied that

28  Defendants' unlawful policies, practices, acts and omissions, and maintenance of physically

inaccessible public facilities and policies as complained of herein no longer occur, and cannot recur;

3.      Award to Plaintiffs all appropriate damages, including but not limited to statutory damages, general damages, and treble damages in amounts within the jurisdiction of the Court, all according to proof;

4.      Award to Plaintiffs all reasonable statutory attorney fees, litigation expenses, and costs of this proceeding as provided by law;

5.      Award prejudgment interest pursuant to Civil Code § 3291; and

6.      Grant such other and further relief as this Court may deem just and proper.

Date: December 3, 2021                    REIN & CLEFTON

_____/s/ Aaron M. Clefton_____
By AARON M. CLEFTON, Esq.
Attorney for Plaintiff
JOHN DALTON and KATHERINE
DALTON

## JURY DEMAND

Plaintiffs hereby demands a trial by jury for all claims for which a jury is permitted.

Date: December 3, 2021                    REIN & CLEFTON

_____/s/ Aaron M. Clefton_____
By AARON M. CLEFTON, Esq.
Attorney for Plaintiff
JOHN DALTON and KATHERINE
DALTON

21